**TIPISONE MANU AOELUA, Claimant**

**v.**

**FOLAU I'AULUALO, MATAIUMU SIOFAGA, and NAIULI L. MA'ILEOI, Objectors**

**In the matter of the Matai Title "I'AULUALO"**

In the High Court of American Samoa
Land and Titles Division

MT No. 02-92

March 17, 1994

---

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, VAIVAO, Associate Judge, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel:      For Folau I'aulualo, Aviata F. Fa'alevao
              For Mataiumu Siofaga, Gata E. Gurr

Order on Motions for New Trial:

In its decision entered January 26, 1994, the court dismissed the succession claim of Folau I'aulualo, hereafter "Folau," on the grounds that his objection and counterclaim lacked the requisite twenty-five supporting family signatories as required by A.S.C.A. § 1.0407. The court also dismissed the objection and counterclaim of Mataiumu Siofaga, hereafter "Mataiumu," on the grounds that he was ineligible for matai succession under A.S.C.A. § 1.0403. Each party moved for a new trial and/or reconsideration pursuant to A.S.C.A. § 43.0802(a).

*I. Foloau's Motion for New Trial*

As we understand the motion, it is premised on the argument that the statutory requirement relating to <u>twenty-five</u> qualified family petitioners in support of a matai succession claim, applies only to "claimants," as opposed to "objector/counter-claimants." Folau submits that the filing requirements for a "claimant," as set out in A.S.C.A. § 1.0405, are somehow different to the filing requirements for an "objector/counter-claimant," as set out in A.S.C.A. § 1.0407; that while a "claimant" is to be held to the requisite support of twenty-five qualified family petitioners, an "objector/counter-claimant" may be held to a lesser standard if the latter simply files an affidavit, under § 1.0407(d), "to the effect that his family does not have sufficient number of qualified members to support his claim."

█      Contrary to Folau's argument, matai-title claimants and counter-claimants/objectors are not held to different standards regarding the supporting petitions. A claimant to a matai title must submit a petition with "25 blood members of the title claimed." A.S.C.A. § 1.0405(b). An identical requirement applies to counter-claimants or objectors. A.S.C.A. § 1.0407(b) ("25 persons related by blood to the title"). If a family lacks "a sufficient number of members qualified" to

156

sign the petition, a claimant or counter-claimant/objector may state this in a signed affidavit. A.S.C.A. §§ 1.0405(b), 1.0407(d).

Folau's citing of *Asuega v. Manuma*, 4 A.S.R. 616 (Trial Div. 1965), is not helpful to his argument. In that case, the trial court would not construe an "[a]mbiguous statute" so as to frustrate the legislation's "obvious intent" that a court select a matai if a family is unable to do so. *Id.* at 616, 622-23 (construing C.A.S. § 6.0104, which required the signatures of three-fourths of the family members over twenty years old). However, the Legislature has since resolved that statutory problem by changing the required number of a petition's signatures to twenty-five and by adding the affidavit exception for small families. Unlike the situation in *Asuega*, Folau has neither shown that the family is incapable of selecting a matai nor that enforcing the petition-signature requirement would preclude the court from selecting a matai if the family is unable to agree.

In his response to Mataiumu's motion to dismiss, Folau also cited *In re Matai Title "Fagaima"*, 4 A.S.R. 83 (Land & Titles Div. 1973). In that case, the winning claimant filed a petition with fewer than twenty-five signatures and an affidavit that his family lacked a sufficient number of qualified members; however, all of the other claimants submitted petitions with at least twenty-five signatures. Because the family clearly had enough qualified members, the affidavit to the contrary was facially false. As the *Fagaima* court's ruling lacks any basis in the statute, this court need not follow its erroneous holding.[1]

In any event, the affidavit filed by Folau was also factually incorrect. Folau explained his lack of petitioners not because of an insufficiency of family members but because he had left things too late and that he did not therefore have sufficient time to secure the required signatures.

In sum, Folau failed to submit a petition with the requisite twenty-five signatures, and his affidavit is improper because the family has enough members qualified to sign matai-candidates' petitions. His motion for reconsideration or new trial is thus denied.

## II. *Mataiumu's Motion for New Trial*

---

[1] *See Reid v. Talalele*, 4 A.S.R. 458 (Trial Div. 1963) (Objectors, as well as claimant, are candidates for matai succession.) *Asuega v. Manuma*, 4 A.S.R. 616 (Trial Div. 1965) (Statutory requirements for matai succession claim applies to every candidate for title-- objectors as well as applicant.)

Mataiumu argues that because he is ineligible for a matai title under A.S.C.A. § 1.0403, he has suffered "a violation of a privilege of nationality or citizenship." He then states that the statute treats him different than other American Samoan nationals and so violates Art. I, § 16 of the territorial constitution.

■ However, the eligibility to be a candidate for a matai title is not an incident of one's nationality. This is demonstrated by the fact that an individual who is not a national of the United States may nevertheless be eligible for a matai title under A.S.C.A. § 1.0403. This is so even if he was not born on American soil and his parents were not U.S. nationals, as long as his parents were inhabitants of American Samoa and were only temporarily residing elsewhere. *See* A.S.C.A. § 1.0403(b). Indeed, the statute includes a provision requiring a foreign-born individual to renounce his allegiance to his birth country. A.S.C.A. § 1.0403(b)(1). Thus, the statute does not abridge a constitutionally-guaranteed privilege. At the same time, if, as claimed by Mataiumu, a conflict exists with any customary privilege, the statute would govern. *See Taeleifi v. Willis*, AP Nos. 30-90 & 31-90 (June 23, 1992), 21 A.S.R.2d 118, 119-20 (App. Div. 1992) (citing A.S.C.A. § 1.0202).

■ Actually, it appears that Mataiumu is alleging an equal-protection violation. However, the statute is rationally related to the Legislature's concern "with a candidate's having a certain level of connection with the territory" and may not be declared unconstitutional just because the High Court may think that a better way of accomplishing the policy exists. The requirement that a statute must have a rational basis "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Heller v. Doe*, 509 U.S. ___, 125 L. Ed. 2d 257, 270 (1993) (citing *FCC v. Beach Communications Inc.*, 508 U.S. ___, 124 L. Ed. 2d 211 (1993)). In any event, the extent to which equal protection applies in the territory is unclear because the territorial constitution does not contain an equal-protection clause. *American Samoa Government v. Whitney*, CR No. 26-91 (Nov. 1, 1991), 20 A.S.R.2d 29, 34 (Trial Div. 1991).

We conclude that A.S.C.A. § 1.0403(b) does not violate any of counter-claimant Mataiumu's constitutional rights or privileges. Therefore, Mataiumu's motion for reconsideration or new trial is also denied.

It is so ordered.